UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-83 |
| | § | |
| GENERAL MOTORS LLC, *et al*, | § § | |
| Defendants. | | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's motion to remand. Plaintiff Nationwide Property & Casualty Insurance Company is a citizen of Ohio and Defendant General Motors LLC is a citizen of Delaware and Michigan. Roughly ten months after General Motors removed the case to this Court, Plaintiff added Defendant AutoNation, Inc., a Texas business, and now argues that the presence of this home-state defendant necessitates a remand.

Removal would have been improper had AutoNation been named as a defendant from the beginning. A diversity suit "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). But this "forum-defendant rule" is a procedural requirement that must be met for removal purposes. *See In re: Exxon Chem. Fire*, 558 F.3d 378, 396 (5th Cir. 2009) (holding that

Section 1441 is "a procedural requirement"); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (holding that improper removal under Section 1441(b) is a "waivable removal defect"); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'Ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) (calling the failure to comply with the forum-defendant rule a "procedural defect"); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n.1 (8th Cir. 1992) (finding "an absence of subject-matter jurisdiction" based on presence of forum-defendant).  It does not deprive a federal court of subject matter jurisdiction, which exists so long as there is complete diversity among the parties (and the amount-in-controversy requirement is met). *See* 18 U.S.C. § 1332.

The Fifth Circuit's view that the "forum-defendant rule" is a procedural requirement rather than a jurisdictional one precludes a remand at this stage of the case.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).  Because Nationwide did not join the Texas party as a defendant until months after the removal, there is no basis for a remand.

Although the Fifth Circuit has not addressed this procedural scenario, every court presented with this situation has "concluded that the subsequent addition of a forum defendant [after removal], which does not have the effect of destroying

complete diversity, does not deprive the court of subject matter jurisdiction or necessitate remand." *Diaz v. Fountain Park Partners*, 2008 WL 4716911, at *2 (M.D. Fla. Oct. 23, 2008) (citing cases); *Spencer v. U.S. District Court for the Northern District of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004) (holding that joinder of home-state defendant after removal "did not affect the propriety of the district court's original subject-matter jurisdiction" and thus did not require a remand); *Evans v. Rare Coin Wholesalers, Inc.*, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010) (rejecting remand motion based on addition of home-state defendant after removal because the only statutory ground for remand would be a lack of subject matter jurisdiction"); *Devore v. Transport Tech. Corp.*, 914 F. Supp. 355, 357 (W.D. Mo. 1996) (holding that "the addition of a diverse defendant who is a resident of the forum state does not 'destroy subject matter jurisdiction.'"). These rulings are not only consistent with the language of the remand statute and basic principles of federal jurisdiction, but promote the purpose behind a 30-day requirement for seeking remand based on a procedural defect. As long as federal jurisdiction still exists in a case, a return trip to state court after a case has been pending for months in federal court undermines efficiency and certainty.

This case illustrates those concerns. Nationwide sought remand about five weeks before docket call in this case and after the discovery and dispositive motion deadlines. Remand at this late stage would cause significant delay and result in the

case being governed by different procedural requirements than those under which the parties have been litigating. Because the addition of the Texas defendant does not defeat subject matter jurisdiction, there is no basis for remand as the period for raising procedural defects in removal lapsed long ago. For these reasons, Plaintiff's Motion to Remand (Docket Entry No. 22) is **DENIED**.

    **SIGNED** this 29th day of January, 2014.

                                                       _____
                                                       Gregg Costa
                                           United States District Judge